# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-30142
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2025

Lyle W. Cayce
Clerk

Robert F. Bruce,

*Plaintiff—Appellant*,

*versus*

ACA Residential, L.L.C.; Michael Franklin; Joy Till;
9th Judicial District Court; Spencer D. Gardner; Old
Republic Insurance Company,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:23-CV-1110

_____

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:*

After an employee of ACA Residential, L.L.C. ("ACA") allegedly damaged Robert Bruce's property by driving a company truck on the property, Bruce sued ACA before a Louisiana justice of the peace. The justice of the peace ruled for Bruce, but ACA appealed that judgment to Louisiana's

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30142

Ninth Judicial District Court, which ruled for ACA. Bruce then filed this action in federal court against ACA, three of its employees—Michael Franklin, Joy Till, and Spencer Gardner—and its insurance company, Old Republic Insurance Company (collectively, the "ACA defendants"). Bruce also named the Ninth Judicial District Court and its clerk of court, Robin Hooter, as defendants. Bruce's lawsuit alleges violations of his rights under the Americans with Disabilities Act and various constitutional amendments. The district court dismissed Bruce's claims against the ACA defendants because the court lacked subject matter jurisdiction and Bruce failed to state a claim against them. Bruce appealed this dismissal,[1] but he does not argue that the district court erred in any way by dismissing these defendants. Instead, Bruce asserts on appeal that the Ninth Judicial District Court and its clerk of court violated his rights under the Constitution and the ADA.

This court construes pro se briefs liberally; even so, a pro se litigant must brief arguments to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Davis v. Lumpkin*, 35 F.4th 958, 962 n.1 (5th Cir. 2022). When an appellant fails to identify any error in a challenged ruling, it "is the same as if he had not appealed" that ruling. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Bruce has not briefed any challenge to the dismissal of the ACA defendants, so he has abandoned any such challenge. *See Yohey*, 985 F.2d at 224–25; *Brinkmann*, 813 F.2d at 748.

AFFIRMED.

---

[1] The district court dismissed Bruce's claims against Hooter because Bruce failed to properly serve Hooter or state a claim against her. Bruce does not appeal Hooter's dismissal. The Ninth Judicial District filed a motion to dismiss Bruce's claims against it, but that motion remains pending before the district court. Because there is no final decision dismissing the Ninth Judicial District, this court lacks appellate jurisdiction as to this defendant. 28 U.S.C. § 1291.

2